GEORGE L. HILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8864. Promulgated January 31, 1928.

R. P. *Smith*, *Esq.*, for the petitioner.
Bruce A. *Low*, *Esq.*, for the respondent.

Morris: The first question urged by the petitioner is whether the respondent incorrectly included the sums of $8,306.30 and $2,636.05 in the computation of the petitioner's net income for the years 1920 and 1921, respectively.

Section 218 (a) of the Revenue Acts of 1918 and 1921 provides:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year * * *.

The petitioner contends that no partnership existed for the period May 1, 1920, to May 1, 1921, and then resorts to the ingenious argument that the petitioner made a gift to his brother of an interest in the profits and not of the profits as such.

From 1900 until 1918 the petitioner and his brother Charles were partners under an oral agreement dividing the profits, in the beginning two-fifths to the petitioner and three-fifths to his brother, and later in equal proportions. In 1918, it being the desire of the parties to limit the life of the partnership, an agreement was entered into, continuing the distribution of profits in equal proportion, and providing that the partnership continue until the first day of May, 1921. There was contained in that agreement a provision for the sale of the interest of Charles L. Hill in the partnership to the petitioner, in consideration for the petitioner's share of the net proceeds of the business for the period May 1, 1920, to May 1, 1921. That provision of the agreement says in part, " the said Charles L. Hill, for his interest in said partnership, and as a consideration for all his property used in said business and good will of said business, shall receive the total proceeds of said business for the year beginning May First, 1920, and ending May First, 1921."

In that agreement there is repeated reference to the partnership theretofore existing and it is expressly provided that " the partnership heretofore conducted by the said parties, under the name of Hill Bros., shall be continued by them under the same name and at the same place, until the First day of May, 1921." It seems to us that this is a complete answer to the argument of counsel for the petitioner that no partnership existed during the period in controversy. That agreement expressly states that the petitioner will purchase all of the " property " used in connection with said business, and that he will pay therefor his portion of the profits for the period May 1, 1920,

to May 1, 1921. Furthermore, the testimony reveals that the partnership had during its existence purchased out of the partnership profits equipment for the conduct of the dental profession. We, therefore, can not agree with the contention of the petitioner's counsel that there was no salable property that Charles L. Hill could have an interest in.

We are satisfied that the sums of $8,306.30 and $2,636.05 were the petitioner's share of the partnership profits for the period in question and we, therefore, sustain the determination of the respondent with respect to those items.

Since the respondent has admittedly erred in including the sum of $305.43, representing Liberty bond interest, in the computation of petitioner's net income for 1920, the second question presented herein is disposed of on the pleadings.

The petitioner has offered no evidence with respect to the third issue herein and we are unable to determine whether the respondent's treatment of the sum in question was correct or not and, therefore, we sustain his determination as to that issue.

*Judgment will be entered on 15 days' notice, under Rule 50.*